IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| OP FINANCIAL, LLC | § | CASE NO. 14-33356-H1-11 |
| | § | |
| 7521 WESTVIEW, LP | § | CASE NO. 14-33357-H4-11 |
| | § | |
| ENERBY, LLC | § | CASE NO. 14-33358-H2-11 |
| | § | |
| DENSON AND TANG LAW FIRM | § | CASE NO. 14-33359-H1-11 |
| | § | |
| | § | (Chapter 11) |
| DEBTORS. | § | Jointly Administered Requested[1] |
| | § | Under Case No. 14-33356-H1-11 |
| | § | Judge Marvin Isgur |
| | § | |
| MARGARET DENSON, EXECUTOR | § | Removed from Cause No. 426,925-401 |
| OF THE ESTATE OF JOHN DAVID | § | in Probate Court No. 1 of Harris County, |
| DENSON, DECEASED | § | Texas |
| | § | |
| v. | § | ADV. PROC. NO. _____ |
| | § | |
| TAN M. TANG et al. | § | |

NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now OP Financial, LLC ("OP Financial"), 7521 Westview, LP ("7521 Westview"), Enerby, LLC ("Enerby"), and Denson and Tang Law Firm ("D&T Law") (collectively "the Debtors"), are Defendants, in the above-entitled state court matter, which files this Notice of Removal the action styled *Margaret Denson, Executor of the Estate of John David Denson, Deceased v. Tan M. Tang, et al, pending in the Probate Estate of In re John David Denson, Deceased.,* Cause No. 426,925-401, in Probate Court No. 1 of Harris County, Texas

---

[1] A motion seeking joint administration of the above captioned Chapter 11 bankruptcy cases is being filed contemporaneously with this document.

("State Court Litigation" or "Removed Case") to the United States District Court for the Southern District of Texas, Houston Division.

1. Pursuant to 28 U.S.C. §1452(a) and Fed. R. Bankr. P. 9027, Debtors file this Notice of Removal ("Removal") in the United States Bankruptcy Court for the Southern District of Texas, as the State Court Litigation is pending in this District.

2. The Removed Case is related to the captioned bankruptcy case.

3. Pursuant to 28 U.S.C. §1452(a), the Removed Case may be removed to this Court.

4. After the Notice of Removal is filed with the clerk of the State court, "the State court **shall proceed no further** unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis added).

5. Pending transfer or other disposition of this removed adversary proceeding, the State Court has no jurisdiction over the removed case.

6. Jurisdiction of this case arises under 28 U.S.C. §1334 and 11 U.S.C. §§ 105 and 541. The Removed Case is a civil action other than a proceeding before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. As grounds for this Removal, Debtors respectfully submit the following:

**Venue**

7. Venue is proper in this District under 28 U.S.C. § 144l(a) because the state court where the suit was filed is located in this District.

**Background Summary**

8. Tan M. Tang ("Tang"), is a Texas resident and an attorney duly licensed to practice law in the State of Texas. Tang is also the owner and manager of the each of the Debtor entities - OP Financial, 7521 Westview, D&T Law and Enerby.

9. Prior to his death in November 2013, John David Denson ("Denson") was Tang's business partner in various ventures, including the practice of law, and close friends. During their business relationship, Denson and Tang entered into numerous complex business transactions involving millions of dollars, whereby Denson usually provided capital and Tang provided some capital, managerial oversight, and "sweat equity". Some of these ventures include the formation and operation of OP Financial, 7521 Westview, and Enerby. D&T Law, however, is a law practice that Tang established years prior to Denson's involvement. When the partnership was formed, Denson was not required to provide any capital or equity or buy into the firm.

10. Disturbed by the close relationship between the partners, shortly after Denson's death, his wife Margaret Denson and executor of Denson's probate estate ("Executor") initiated the State Court Litigation seeking turnover of the funds that Denson had contributed to the various ventures with Tang and imposition of an injunction preventing Tang from spending any of these funds. The Executor has also refused to honor Tang's election to purchase Denson's interest in D&T Law, despite a provision in their partnership agreement requiring the same.

**The Removed Litigation**

11. In December 2013, Executor initiated the Removed Case against Defendants in the Harris County Probate Court, seeking turnover of funds, temporary restraining order, temporary and permanent injunctions, lawsuit for breach of fiduciary duty, damages, and appointment of a receiver against the Tan M. Tang and her related entities, including the above captioned Debtors (collectively "Tang Defendants").

12. On January 24, 2014, the parties entered into an agreed temporary injunction regarding temporary freezes on the transfer of assets and certain bank accounts until trial which

was scheduled for May 5, 2014. Subsequently, Executor added nearly 3 dozen new parties to the lawsuit, most of which were clients and business associates of Denson and Tang, resulting in the trial date being moved to December 2014. At the same time, numerous discovery battles plagued the State Court Litigation, causing litigation costs to skyrocket.

13. With the timeframe for trial pushed to the end of the year and a hampered ability to operate due to bank accounts being frozen, the Tang Defendants sought to dissolve or modify the agreed temporary injunction. The trial on the dissolution of the injunction was acrimonious, with tearful and heated testimony on both sides. During the trial, perhaps sensing that the case was now appropriate for prompt ADR, the Probate Court ordered the parties to mediate no later than July 18. A mediator has been selected, William L. Miller, and the parties agreed on July 18th as the date.

14. On June 6, the probate court entered an order denying the request to dissolve the injunction. However, the probate court entered an order ("June Temporary Injunction") allowing Tang to engage in "normal business transactions and mak[e] ordinary business expenditures;" but, in a separate paragraph, the probate court froze additional bank accounts of the Tang Defendants, including D&T Law's IOLTA (which is a trust account for the benefit of the law firm's clients) and operating accounts, 7521 Westview's operating account, OP Financial and Enerby's bank accounts (certain of these accounts were frozen in the prior injunction), making it seemingly impossible for the Debtors to operate or pay ongoing expenses.

15. Accordingly, faced with the seeming inability to access funds or pay ongoing expenses, including ongoing legal fees and costs required to defend the State Court Litigation, the Debtors initiated these Chapter 11 cases and removed the lawsuit to this Court.

### Relation of the Removed Litigation to the Bankruptcy Case

16. OP Financial, 7521 Westview, Enerby, and D&T Law each filed a voluntary chapter 11 petition on June 15, 2014, commencing their respective reorganization cases (collectively the "Chapter 11 cases"), which are pending before the court. The Debtors are each a debtor in possession pursuant to 11 U.S.C. §§ 1101, 1107 and 1108.

17. At the time of the commencement of these Chapter 11 cases, the State Court Litigation was still pending before the State Court.

18. All such claims and causes of actions in the State Court Litigation have a clear and direct impact on interests and property of the estate under 11 U.S.C. § 541. Resolution of the claims asserted in the State Court Litigation will significantly affect the administration of the estate and the equity security holder relationship. All such proceedings are core proceeding under 28 U.S.C. § 157. In the event that any claim or cause of action asserted in the State Court Litigation is determined to be non-core, the Debtors consent to the entry of final orders or judgments by the bankruptcy judge.

19. This Notice of Removal is timely as it is filed less than ninety (90) days after the orders for relief in the Chapter 11 cases. As mentioned above, the State Court Litigation was pending when the Chapter 11 cases were commenced. Removal of each claim and cause of action of the Civil Action to the Bankruptcy Court is authorized by 28 U.S.C. §§ 1452, and 1334.

### Bankruptcy Jurisdiction

20. Removal is proper pursuant to this Court's bankruptcy jurisdiction, as authorized by 28 U.S.C. § 1334(b), which provides that federal district courts have "original jurisdiction of all civil proceedings ... arising in or related to cases under title 11." Cases subject to such

jurisdiction are removable under the authority of 28 U.S.C. § 1452, which states that "[a] party may remove any claim or cause of action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." The District Court has a standing order of reference to the Bankruptcy Court.

21. The State Court Litigation "arises in" and/or "relates to" the Bankruptcy Case as the State Court Litigation is inextricably linked to the bankruptcy because it could result in findings or rulings that affects the control and management of each debtor which is critical to the administration of each Debtor's estate, equity interests in each Debtor and/or could lead to inconsistent findings with the bankruptcy court. For these reasons, removal is proper.

22. In the Fifth Circuit, if an action could "conceivably have any effect on the estate being administered in bankruptcy, the Bankruptcy Court has "related to" jurisdiction over the action." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). In the present case, the State Court Litigation could affect the bankruptcy and, therefore, it is appropriate for this Court to exercise "related to" jurisdiction.

**Pleadings of State Court Litigation**

23. A copy of the probate court docket is attached hereto as Exhibit A. True and correct copies of all process and pleadings filed in this action are attached hereto as Exhibit B. A copy of the notice will be filed with the State Court without the exhibits.

**Reservation**

24. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, counterclaims, and pleas are expressly reserved.

NOW THEREFORE, all parties are hereby notified to proceed no further in the State Court Litigation styled as *Margaret Denson, Executor of the Estate of John David Denson, Deceased v. Tan M. Tang, et al pending in the Probate Estate of In re John David Denson, Deceased.,* Cause No. 426,925-401, pending in Probate Court No. 1 of Harris County, Texas and the Debtors further request any other relief the Court deems just and equitable.

DATED: June 15, 2014

Respectfully submitted,

HOOVER SLOVACEK LLP

By: */s/ Melissa A. Haselden*

MELISSA A. HASELDEN
State Bar No. 00794778
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: 713.977.8686
Facsimile:  713.977.5395
haselden@hooverslovacek.com

PROPOSED BANKRUPTCY ATTORNEYS FOR DEFENDANTS OP FINANCIAL, LLC, 7521 WESTVIEW, LP, ENERBY, LLC, AND DENSON AND TANG LAW FIRM

**OF COUNSEL:**
Hoover Slovacek LLP
EDWARD L. ROTHBERG
State Bar No. 17313990
ANNIE CATMULL
State Bar No. 00794932
T. JOSH JUDD
State Bar No. 24036866
DEIRDRE CAREY BROWN
State Bar No. 24049116
MAZELLE S. KRASOFF
State Bar No. 24078802
5847 San Felipe, Suite 2200
Houston, Texas 77057